a Memorandum. — In the vacation previous to this term, to wit: on the 22d of July, 1744, Judge Layton resigned his office of Associate Judge of the State; and the Hon. David Hazzard, of Sussex county, was on the 10th of December, appointed to succeed him.
THE sheriff of New Castle county, by his petition, represented that he had sold the lands of Thomas Smyth, the defendant, by virtue of a writ of levari facias, at the suit of David Brown, executor of Thomas Pusey, for the sum of $2,235, and that there was a balance in his hands of $488 07, which was claimed by sundry judgment creditors of the said Thomas Smyth, to wit: by Abel Jeans on two executions; by Reader, for the use of Benjamin Chandler; and also by the defendant himself. He brought the money into court and Mr. Gray, for the defendant, moved for leave to take it out. The application was opposed by Mr. Wales, for Abel Jeans, and Mr. Chandler, for the Reader judgment. The defendant alledged that these judgments were paid; and moreover, that the Reader judgment was *Page 205 
illegally entered against him on a bond and warrant of attorney given by him jointly with another. On his affidavit Mr. Gray also moved to vacate this judgment.
On the first judgment of Jeans, which was entered the 1st of April, 1826, for $224, With a credit endorsed of $70, a fi. fa., was issued to May term, 1826, which was returned, levied on goods as per inventory amounting to $417; and on land subject, c.; and there were no subsequent proceedings. The second judgment was entered on the 15th of April, 1826, for $191 66, a fi. fa., issued to May-term, 1826, which was levied; alias fi. fa., to May term, 1836, the return to which showed payment of all but $11.
Mr. Gray contended, that the levy on Jeans' executions to the amount was a legal payment, unless it be shown to have been otherwise disposed of. This presumption was strengthened by the lapse of eighteen years, during which no proceeding had been had on the first judgment; and by the proceedings on the second judgment to the extent, nearly, of satisfying it in fact, as it was satisfied in law. With regard to the judgment of Reader for the use of Chandler, it was no judgment lawfully entered. It was confessed by virtue of a warrant of attorney, authorizing the confession of judgment against Smyth and another jointly. The judgment was against Smyth alone.
On the separate affidavit of Smith now filed, he moved the court to strike off this judgment.
Mr. Wales. — As to the Jeans judgments the question is not whether the presumption of payment by a levy to the amount should exist as between creditors; but it is whether the defendant himself, without affidavit that the money had been made under the levy, or any proceeding to get rid of the judgment; availing himself of a mere presumption; shall be allowed to consider the judgment as paid in fact.
The Court here arrested the discussion, and ordered an issue to try if anything, and what, was due to Jeans on his judgments; and, by consent, this was referred to C. D. Blaney; and, as to Reader's judgment, rale to show cause why it should not be vacated as not authorized by the warrant. It appeared by the bond and warrant of attorney to confess judgment, that the bond was joint and several, and the warrant joint, and the judgment was against the defendant, Smyth, alone.
Mr. Chandler asked leave to amend the judgment by inserting the name of William J. Reader, a co-obligor in the bond.
Court. — The motion is to amend the judgment against Smyth by *Page 206 
adding the name of Wm. J. Reader. The judgment is a several judgment against Smyth, on a joint warrant to confess judgment against Reader and Smyth. The court has no authority to authorize a judgment different from the power of attorney; and the entry of a judgment different from the power is unauthorized, and cannot in any form be cured. The application to amend by inserting a new defendant is an application after judgment, not merely to amend, but to make a judgment, including the making new parties. Such an amendment cannot be allowed.
 Amendment refused; and judgment stricken out.
The parties now compromised; and the rule was made absolute for the payment of the balance in court to the defendant, Smyth.